RECEIVED
FEB 11 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD BARRETT** | : | DOCKET NO. 2:13-2256 |
| VS. | : | JUDGE TRIMBLE |
| **PROGRESSIVE PALOVERDE INSURANCE COMPANY and CODE RED SAFETY & RENTAL LLC** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #20) filed by defendant, Progressive Paloverde Insurance Company ("Progressive"), wherein the mover seeks a ruling from this court that under the facts of this case, Christina Trahan, the driver of the vehicle involved in the accident that is the subject matter of this suit was working within the scope of her employment with Code Red Safety and Rental, LLC at the time of the accident.

## FACTUAL STATEMENT

On March 13, 2012, plaintiff, Richard Barrett and Christina Trahan were involved in an automobile collision in Sulphur, Louisiana. Ms. Trahan is either an employee of Code Red Safety and Rental, LLC ("Code Red") or an independent contractor; this issue is disputed. Immediately prior to driving to the intersection where the collision occurred, Ms. Trahan had been working a 12 hour shift at her usual daily work site. She was traveling to a mandatory work-sponsored safety meeting at Code Red's place of business in Sulphur.

## PROCEDURAL HISTORY

Mr. Barrett filed a claim against Ms. Trahan's personal liability policy and collected the

policy limits for personal injury from GEICO Indemnity Company; these parties were released from any further claims resulting from the collision.

On June 17, 2013 Mr. Barrett, an employee of Deep South Productions ("Deep South"), filed suit in state court against Progressive, the uninsured motorist carrier for Deep South. Mr. Barrett alleges that his damages exceed the limits of the GEICO policy. The suit was removed to federal court based on complete diversity of citizenship. On December 16, 2013, plaintiff filed a First Supplemental and Amending Petition and named Code Red as an additional defendant alleging that at the time of the incident, Code Red was Ms. Trahan's employer.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

2

party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Co-defendant, Progressive, filed this motion for summary judgment seeking a ruling from the court that Ms. Trahan was working within the course and scope of her employment with Code Red at the time of the incident which is the basis of this lawsuit. However, as noted by Code Red, a condition precedent to determining if Ms. Trahan was working within the course and scope of her employment is first determining if Ms. Trahan was an employee of Code Red.

Progressive relies on the deposition testimony of Ms. Trahan to support its position. Code Red opposes Progressive's motion asserting that Ms. Trahan was not a employee, but an independent contractor. Whether or not Ms. Trahan is an employee versus an independent contractor has significant implications in the instant case. If she is an employee of Code Red, her employer and its insurer could potentially be held liable under the doctrine of *respondeat superior.*

---

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

3

Code Red maintains that Ms. Trahan is an independent contractor, or at the very least, there is a genuine issue of material fact for trial as to whether or not Ms. Trahan was Code Red's employee. Code Red submits as summary judgment evidence Ms. Trahan's personnel file and Code Red's "Job - - Terms & Conditions."[9] The documents in the file identify Ms. Trahan as an independent contractor in various ways including: (1) "JOB-TERMS AND CONDITIONS" (2) a document of "Code Red Safety–Contractors", (3) "Acknowledgment Receipt". (4) "Contractor Information & Change Form", (5) "Consent Agreements", (6) "Form W-9" which reports income to the taxpayer via a Form 1099, and (7) "Purchase Invoices and Contractors Pay Information" identifying Ms. Trahan as being paid per hour at "Contractor Rate Costs".[10]

However, Progressive notes that those same documents identify Ms. Trahan as an employee. For instance the Authorization to Obtain Driving Record,[11] Direct Deposit Enrollment Form,[12] Toxicology Test forms,[13] Toxicology Test form,[14] all identify Ms. Trahan as an employee and Code Red as her employer. Progressive relies on <u>Kibodeaux v. Progressive Ins. Co.</u>[15] and its analysis of determining the difference between an independent contractor versus an employee:

> We note the difference between an employee and an independent contractor is a factual determination to be decided on a case by case basis.  A servant is someone

---

[9] Code Red Exhibit A.

[10] Code Red exhibit A.

[11] Code Red exhibit A, p. 12.

[12] Code Red exhibit A, p. 15.

[13] Code Red exhibit A, p. 16.

[14] Code Red exhibit A, p. 34.

[15] 4 So.3d 222 (La.App. 3 Cir. 2009).

who offers his personal services for a price and must submit to the control of his physical conduct as well as of his time. On the contrary [i]t is well understood by the courts of this State that the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants. Both servant and independent contractor are engaged in the performance of an employment for the benefit of the employer. However, it is the independent contractor's freedom from control which takes him out of the class of a servant and thus relieves the employer from liability.

In determining whether a worker is an employee or an independent contractor, the working relationship must meet the requirements of the following five-part test: (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.[16]

In her deposition testimony, Ms. Trahan referred to Code Red as her employer who mandated that she attend the safety meeting at Code Red's office on the evening she was involved in the accident that is the subject of this matter.[17] However, Ms. Trahan also testified that Code Red was not her employer, but that she was hired as a contractor.[18] The court notes that Code Red was not named as a defendant in this lawsuit when Ms. Trahan was deposed, and thus was not able to question her about her employment status. The documentation refers to Ms. Trahan as an independent contractor but sometimes refers to her as an employee; she receives a 1099 to report her

---

[16] Kibodeaux, 4 So.2d at 225 (citations omitted).

[17] Progressive exhibit A, Trahan depo. p. 14.

[18] Id., p. 17.

5

income.  The court finds that Code Red has presented sufficient summary judgment evidence to create a genuine issue of material fact for trial regarding Ms. Trahan's employment status.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of February, 2015.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE